IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01696-REB-CBS

BIG O TIRES, LLC, a Nevada limited liability company, f/k/a BIG O TIRES, INC., a Colorado corporation, and
BIG O DEVELOPMENT, LLC, a Colorado limited liability company, f/k/a BIG O DEVELOPMENT, INC.,

    Plaintiffs,

v.

DAVID WILKE, and
LINDA CULVER-WILKE,

    Defendants.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**Blackburn, J.**

This matter is before me on the following: (1) the plaintiff's **Motion for Preliminary Injunction with Incorporated Memorandum of Law in Support Regarding Trademark, Telephone Number and Customer List** [#2] filed July 17, 2009; and (2) the plaintiffs' **Motion for Default Judgment** [#22][1] filed December 2, 2009. Having considered the motions and the file, and being advised in the premises, I find and conclude that the motion for preliminary injunction should be denied as moot, and that the motion for default judgment and associated permanent injunction should be granted.

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Trademark Act), and 28 U.S.C. § 1338 (patent, trademark, and associated unfair competition claims).

## II. ANALYSIS

1. The complaint [#1] in this matter was filed on July 16, 2009. Returns of service [#11, #12, #14, #15] reflecting valid service on the defendants were filed August 12, 2009.

2. The defendants have not filed an answer or in any other way responded to this lawsuit. The Clerk of the Court entered default [#23] against the defendants on December 4, 2009.

3. On entry of default against the defendants, the well-pleaded allegations in the complaint are deemed admitted. **See Olcott v. Delaware Flood Co.** 327 F.3d 1115, 1125 (10th Cir. 2003); **Lundahl v. Zimmer**, 296 F.3d 936, 939 (10th Cir. 2002).

4. Plaintiff, Big O Tires, LLC (Big O), owns the following service and trademarks (the Marks):

   a. BIG-O, Registration Number 993,415, registered September 24, 2974;

   b. BIG O, Registration Number 994,466, registered October 1, 1974;

   c. BIG O TIRES and design, Registration Number 1,611,160, registered August 28, 1990;

   d. BIG O TIRES and design, Registration Number 2, 821,053, registered March 9, 2004;

   e. BIG O TIRES and design, Registration Number 2,821,053, registered March 9, 2004;

f. WWW.BIGOTIRES.COM, Registration Number 2,514,975, registered March 9, 2004;

g. A REPUTATION YOU CAN RIDE ON, Registration Number 1,845,544, registered February 22, 1993; and

h. BIG FOOT 60, Registration Number 1,102,058, registered September 12, 1978.

5. Effective April 1, 2006, DavLin Enterprises, Inc., entered into a franchise agreement (Franchise Agreement) with Big O that, among other things, licensed DavLin Enterprises to use the Marks for the ten year term of the agreement. The defendants personally guaranteed all of the obligations and covenants in the Franchise Agreement.

6. On February 13, 2009, Big O terminated the franchise rights of DavLin Enterprises for uncured monetary defaults and terminated the license to use the Marks. The defendants continued to use the Marks.

7. In their complaint, the plaintiffs seek, *inter alia*, permanent injunctive relief against the defendants to remedy: (a) the defendants' breach of the Franchise Agreement between Big O and DavLin enterprises , the performance of which was personally guaranteed by the defendants; (b) defendant Culver-Wilke's breach of a sublease agreement; (c) the defendants' infringement of the plaintiffs' trademarks, trade names, service marks, and trade dress; and (d) the defendants' unfair competition with Big O.

8. On August 19, 2009, the defendants filed a voluntary petition for Chapter 7 Bankruptcy relief in the United States Bankruptcy Court for the Central District of California. On November 17, 2009, the plaintiffs obtained relief from the Bankruptcy Code's automatic stay for the purpose of the plaintiffs' pursuit of, *inter alia*, (1)

3

permanent injunctions against the defendants' continuing infringement of the plaintiffs' trademarks and trade dress; (2) permanent injunctions against the defendants' continuing breach of their covenant not to compete with the plaintiffs; and (3) permanent injunctions requiring the defendants to turn over the customer lists, telephone numbers, and other advertising and marketing materials that belong to the plaintiffs. The plaintiffs do not seek default judgment for monetary relief sought by the plaintiffs in the complaint.

9. Having reviewed the record in this case, I find and conclude that the plaintiffs are entitled to the entry of default judgment against the defendants and an order granting the permanent injunctive relief sought by the plaintiffs in the complaint [#1].

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiffs' **Motion for Default Judgment** [#22] filed December 2, 2009, is **GRANTED** on the terms stated in this order;

2. That the defendants, David Wilke, and Linda Culver-Wilke, their officers, agents, servants, employees, attorneys-in-fact, and attorneys, and those persons in active concert or participating with the defendants who receive actual notice of this order by personal service or otherwise are **PERMANENTLY ENJOINED and PROHIBITED** from

   a. Using the Marks in the advertising or sale of tires and automotive services;

   b. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof that would imitate, resemble, or suggest the Marks;

   c. Otherwise infringing the Marks or Big O's trade dress;

   d. Unfairly competing with Big O, diluting the distinctiveness of Big O's well

4

known Marks and trade dress and otherwise injuring Big O's business reputation in any manner; and

      e.  Publishing any telephone listings using the marks and any other name containing words confusingly similar with the Marks;

      3.  That under 15 U.S.C. § 1116 and applicable contractual provisions in the Franchise Agreement, the defendants are **ORDERED** to assign to Big O all of the business telephone numbers used by DavLin Enterprises, Inc., while acting as a Big O franchisee, including (661) 259-2004, and all customer lists used and developed by DavLin Enterprises, Inc., while acting as a Big O franchisee;

      4.  That under 15 U.S.C. § 1118, the defendants are **ORDERED** to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of the defendants if those items use or display Big O's trade dress;

      5.  That the defendants are **ORDERED** to return to Big O all manuals and proprietary materials of Big O;

      6.  That the defendants, their officers, agents, servants, employees and attorneys, attorneys-in-fact, and those persons in active concert or participating with the defendants who receive actual notice of this order by personal service or otherwise , are **ENJOINED** from directly or indirectly engaging in any business that offers or sells tires, wheels, shock absorbers, automotive services, or other products and services that compete with Big O within a 10 (ten) mile radius of 23510 Valencia Blvd., Santa Clarita, California 91355, for a period of two (2) years from the date of this order or from the date on which the defendants stop competing with Big O, whichever date is later;

      7.  That on or before April 26, 2010, the defendants **SHALL FILE** with the court

and serve on Big O a report, in writing and signed under oath, setting forth in detail the manner and form in which they have complied with this order;

8. That because this order grants permanent injunctive relief against the defendants, the plaintiff's **Motion for Preliminary Injunction with Incorporated Memorandum of Law in Support Regarding Trademark, Telephone Number and Customer List** [#2] filed July 17, 2009, is **DENIED** as moot;

9. That on or before May 5, 2010, the plaintiffs **SHALL FILE** with the court a status report indicating the status of the plaintiffs' remaining claims against the defendants and stating whether or not the plaintiffs intend to prosecute those claims further; and

10. That judgment **SHALL ENTER** accordingly.

Dated March 23, 2010, at Denver, Colorado.

                                          **BY THE COURT:**

                                          Robert E. Blackburn
                                          United States District Judge